469 So.2d 795 (1985)
Michael C. GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1528.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Rehearing Denied June 12, 1985.
*796 Alexander M. Siegel of Siegel & Siegel, P.A., and Bruce E. Friedman of Friedman & Weiss, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
GOLDMAN, MURRAY, Associate Judge.
Defendant was charged, tried and convicted of 5 counts of credit card fraud and 5 counts of grand theft. He was sentenced to two concurrent 25 year prison terms.
Defendant's appeal alleges seven grounds for reversal, five of which are based upon evidentiary rulings and sentencing by the trial judge. We find that the trial judge did not commit error in the conduct of this trial.
Defendant further claims he was denied a fair trial as a result of prosecutorial misconduct during the trial. It is axiomatic that a prosecutor must refrain from conduct which would deprive an accused of a fair impartial trial. Wilson v. State, 371 So.2d 126 (Fla. 1st D.C.A. 1978); Meade v. State, 431 So.2d 1031 (Fla. 4th D.C.A. 1983).
The record before us is replete with conduct by the prosecutor which was highly improper. It would serve no useful purpose *797 to catalogue this conduct, except to note that it cannot be condoned.
It is most distressing that the State at best, makes a feeble effort to claim the conduct was not improper. Instead, the State urges that the case against the Defendant was so strong that the error was harmless. The very opposite is true. There was barely enough evidence to even submit this case to a jury.
The State's next response is that none of the improper remarks and improper questions were objected to by defense counsel, and therefore were waived. Ferguson v. State, 417 So.2d 639, (Fla. 1982); Clark v. State, 363 So.2d 331 (Fla. 1978).
Defense counsel in fact did not object and since the questions and comments do not rise to the level of fundamental error, this constitutes a waiver. Blackburn v. State, 447 So.2d 424 (Fla. 5th D.C.A. 1984).
The final ground for reversal raised by the Defendant is ineffective assistance of counsel. The question of the adequacy of representation may not be raised for the first time on direct appeal unless the facts giving rise to such a claim are apparent on the face of the record, or conflict of interest or prejudice to the Defendant is shown. Whitaker v. State, 433 So.2d 1352 (Fla. 3rd D.C.A. 1983); Stewart v. State, 420 So.2d 862 (Fla. 1982). Because the facts on which this claim is based are evident on the record, this contention is cognizable on appeal.
The Sixth Amendment right to counsel exists in order to ensure the fundamental right to a fair trial. The criteria to be used to evaluate a claim of ineffective assistance of counsel was established in Knight v. State, 394 So.2d 997 (Fla. 1981) and most recently in Downs v. State, 453 So.2d 1102 (Fla. 1984).
The United States Supreme Court, in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) addressed for the first time a claim of actual ineffectiveness of counsel's assistance in a case going to trial.
In an exhaustive opinion, the Supreme Court set forth the basis of a claim of ineffective counsel. The analysis was specifically approved by the Florida Supreme Court. Downs v. State, supra.
The issue then before us is whether the Defendant herein has carried the heavy burden imposed upon him.
The Defendant must show and identify the specific acts or omissions upon which his claim is based; he must show that the specific act or omission was a substantial and serious deficiency measurably below that of competent counsel and that the deficiency was so substantial as to probably have affected the outcome of the proceedings. The Defendant must affirmatively prove prejudice! Strickland v. Washington, supra, 104 S.Ct. at 2067.
The Defendant, Michael Gordon, claimed he was on a farm in Sebastian, Florida at the time the alleged criminal transactions took place. Defense counsel filed a witness list with the names of 19 alibi witnesses two days before trial. The trial judge properly granted the State's motion to strike the list, thereby depriving Defendant of the key element of his defense.
At the time of jury selection, one juror stated she had heard of this particular case, had discussed it with her friends and was biased. She further indicated that she had a prejudice against the defense counsel which would affect her decision. The trial judge offered to remove the juror for cause if requested. Defense counsel permitted her to sit as a juror.
Defendant further points out 104 instances where defense counsel failed to object to improper questions or improper comments by the prosecutor. Which brings us back to defendant's claim of prosecutorial misconduct. As noted previously, the State's protestations of innocence as to this claim are barely audible. The State claimed, and we agreed, that the defendant had waived all claims as to this misconduct. This argument by the State, especially in a case where the evidence was so weak, merely *798 emphasizes the deficiencies in the performance of defense counsel.
"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome... . a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support" Strickland v. Washington, supra at 2068, 2069.
We find, from a review of the entire record, that the defendant has carried his burden. We find that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, supra.
Because the defendant has been deprived of his constitutional right to effective counsel, the judgment of conviction is hereby set aside, and this cause is remanded for a new trial.
GLICKSTEIN, J., concurs.
ANSTEAD, C.J., concurs specially with opinion.
ANSTEAD, Chief Judge, concurring specially:
I concur fully in Judge Goldman's opinion and write separately only to caution litigants that we will not ordinarily consider a claim of ineffective assistance of counsel on appeal. Rather, such a claim is a collateral matter which should be addressed through a motion for post-conviction relief. Stewart v. State, 420 So.2d 862, 864 n. 4 (Fla. 1982). Such claims ordinarily turn on issues of fact and both sides are entitled to present relevant evidence to the trial court to resolve those issues. It is only because of the gross and patent showing of ineffectiveness virtually conceded by the state on this record that we are taking the highly unusual step of intervening at this stage of the proceedings.