726 So.2d 317 (1998)
John Earl ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04094.
District Court of Appeal of Florida, Second District.
December 11, 1998.
Rehearing Denied February 2, 1999.
*318 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
John Earl Ross appeals his conviction for battery on a law enforcement officer. We conclude that the record on its face reveals ineffective assistance of counsel based on the defense counsel's failure to object and move for a mistrial during the prosecutor's improper closing arguments. Accordingly, we reverse.
Ross was charged with obstructing or opposing an officer with violence, battery on a law enforcement officer, and possession of cannabis. The possession charge was nolle prossed and the trial proceeded on the remaining two charges. Subsequently, the jury deadlocked on the obstruction charge, and that charge was later nolle prossed. Ross was convicted of battery on a law enforcement officer and was sentenced to ten years in prison as a habitual offender.
The testimony at trial can be briefly stated as follows. Officer Jones saw and recognized Ross as someone with an outstanding warrant who had run from him in the past. Before Ross could see Jones or be warned of the officer's presence, Officer Jones approached Ross from behind and caught his arm, using a "pain compliance technique." He then put one handcuff on Ross. According to Officer Jones' testimony, Ross jerked his arm away, hit the officer in the chest several times, and tried to run away. The officer also testified that he struck and kneed Ross and they struggled as the officer attempted to put the other handcuff on Ross. Witnesses at the scene testified that Ross did not resist and described the officer's actions as aggressive and violent. They also testified that Ross tried to block the officer's punches and grabbed the officer's arms to protect himself. In his testimony, Ross denied that he punched or kicked the officer. During closing arguments, the State repeatedly bolstered the credibility of Officer Jones, attacked and ridiculed Ross, his defense, and the defense witnesses. Defense counsel made no objection to the prosecutor's closing arguments.
Ineffective assistance of counsel is found when counsel's performance falls outside the range of reasonable professional assistance and there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For this type of claim to be cognizable on direct appeal, the ineffectiveness must be apparent on the face of the record, such that "it would be a waste of judicial resources to require the trial court to address the issue." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987) (citation omitted). See also Foster v. State, 387 So.2d 344 (Fla.1980) (reversing conviction on direct appeal because counsel's joint representation of co-defendants constituted ineffective assistance of counsel). In Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985), the convictions were reversed on direct appeal based on a *319 determination that defense counsel's failure to object to the prosecutor's numerous improper questions and comments constituted ineffective assistance of counsel appearing on the face of the record. In Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998), the Third District held that counsel rendered ineffective assistance for failing to object to an excessive sentence. The court addressed the ineffective assistance claim on direct appeal "to avoid the legal churning which would be required if we made the parties and the lower court do the long way what we ourselves should do the short." 716 So.2d at 830 (citation omitted).
In the present case, the prosecutor made numerous inappropriate and prejudicial comments during closing arguments. The prosecutor improperly argued and repeatedly stressed that the defense presented witnesses who were "pathetic," "ridiculous," "inappropriate," "insulting" to the jury's intelligence, "totally incredible," and who had "just flat out" lied. Ross's testimony was characterized as "preposterous," "nonsense" and "bologna." While this brief summary may not adequately reflect the extent of the prosecutor's erroneous and prejudicial arguments, no further purpose would be served by reprinting the arguments in their entirety. Suffice it to say that in light of the egregious arguments made by the prosecutor, we conclude that defense counsel's failure to object fell below any standard of reasonable professional assistance. We further conclude there is a reasonable probability that the outcome would have been different because, had an objection and motion for mistrial been made and denied by the trial court, we would have reversed the conviction in this appeal. Additionally, the jury deadlocked on one charge, which was subsequently nolle prossed. The guilty verdict on the second charge hinged on a credibility determination by the jury because Ross presented evidence which, if accepted by the jury, could have produced an acquittal. This very evidence, however, was denigrated by the prosecutor to the extent that it affected the integrity of the fact-finding process so as to deprive Ross of his fundamental right to a fair trial.
This court has criticized improper prosecutorial argument in the past. See Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998) (reversing based on prosecutor's improper attack on defense counsel in closing argument); Terrazas v. State, 696 So.2d 1309 (Fla. 2d DCA 1997) (reversing based on State's improper opening argument that implied the defendant's guilt based on his ethnic heritage). See also Brown v. State, 593 So.2d 1210 (Fla. 2d DCA 1992); Singletary v. State, 483 So.2d 8 (Fla. 2d DCA 1985); Gonzalez v. State, 97 So.2d 127 (Fla. 2d DCA 1957). That criticism does not, however, relieve defense counsel of the obligation to object and, when appropriate, move for mistrial. Without an objection at trial, we hesitate to find reversible error. See Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994). But for our ability to reverse and remand in this case based on ineffective assistance of counsel, however, we would reverse based on fundamental error because of the harmful effect of the prosecutor's improper closing arguments. Ineffective assistance of counsel is not a claim that will ordinarily be considered on direct appeal. See Gordon, 469 So.2d at 798 (Anstead, C.J., concurring opinion). Our decision to consider it in this case should serve as a reminder to the defense bar of the need to fully participate and protect the full panoply of rights afforded defendants under our Constitution.
"The Sixth Amendment right to counsel exists in order to ensure the fundamental right to a fair trial." Gordon, 469 So.2d at 797. Because Ross was deprived of that right, we reverse and remand for a new trial on the charge of battery on a law enforcement officer.
Reversed and remanded.
FULMER and CASANUEVA, JJ., concur.