764 So.2d 798 (2000)
Eric J. EURE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1671.
District Court of Appeal of Florida, Second District.
July 21, 2000.
*799 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SCHEB, JOHN M., (Senior) Judge.
A jury found Eric J. Eure guilty of possession and sale of cocaine. The trial court adjudged him guilty and sentenced him to concurrent prison terms of one year and one day. He contends he was denied a fair trial because of the State's improper closing argument. We agree the State's argument was improper, and because we find the defense counsel was ineffective for failing to object, we reverse.
The State's information charged Eure with two counts of possession and two counts of sale of cocaine. He pleaded not guilty to all charges. At his jury trial on April 1, 1999, a former police officer testified he had worked undercover with a confidential informant to set up two controlled purchases of crack cocaine from Eure in September 1997. As a result, Eure was arrested some three months later. The State also presented supporting exhibits and a forensic chemist who testified as to the cocaine.
The State's case rested largely on the credibility of the former police officer. Defense counsel acknowledged the sales involved cocaine, but he challenged the former officer's identification of the defendant as a person who had possessed or sold cocaine. Eure did not testify and presented no evidence. The jury found him guilty of one count of possession and one count of sale and not guilty of the other two counts.
The defense counsel's initial closing argument focused on the fact that the State's case was premised on the former officer's recollection. The prosecutor then opened his argument with this somewhat incomprehensible statement: "Your Honor, members of the jury, I always like that about the hanging. He doesn't like the rope, perfectly honest with you."
Continuing, the prosecutor argued:
What it boils down to is the man was there, the officer. You saw him testify. This is either the unluckiest guy in the world or when you go home tonight you can tell your families you were in court with a drug dealer. That's the drug dealer. That's what a drug dealer looks like. That's how a drug dealer operates.
(Emphasis supplied.) Following this, the prosecutor asserted:

This police officer says that's the man.... If you believe that this police officer was lyinglying here today lying when he did the capias for the *800 swore to (sic) the arrest warrant. If you believe he was lying when he did two police reports, if you believe he was lying when he conducted an investigation with the State Attorney's Office, if you believe he lied all five of those times to include here today, release this man. He is not guilty. Do the right thing.

(Emphasis supplied.) Continuing, the prosecutor challenged the jury by stating:
If you believe the officer lied every step of the way to include under oath here today, under oath when he signed the arrest warrant, under oath when he did an investigation with the State Attorney's Office and did two police reports; if you believe those are all lies, release this man. Do the right thing.
(Emphasis supplied.) At this point the prosecutor made the contrasting argument to establish that all the officer's pretrial steps were performed correctly and led to the defendant's guilt. He stated:
However, however (sic), if you believe the officer is not lying, if you believe that a trained undercover detective has fingered the drug dealer who's complaining about the investigation done by the officer, then you must find the defendant guilty as charged.
(Emphasis supplied.) There are several fundamental flaws in the State's argument to the jury.
First, when the prosecutor told the jury, "you can tell your families you were in court with a drug dealer. That's the drug dealer," he effectively made himself a witness for the prosecution. The law has long recognized that "counsel is not under oath to speak the truth, nor called as a witness to give his opinion." Tyson v. State, 87 Fla. 392, 394, 100 So. 254, 255 (1924).
Second, the prosecutor told the jury that it should release Eure if it believed the former officer lied when making two police reports while he was conducting the investigation and when he swore to the arrest warrant. By contrast, he was asking the jury to believe that the former officer had made truthful police reports and that he was telling the truth when he took an oath to obtain an arrest warrant, all matters not in evidence. Thus, the prosecutor improperly sought to buttress the former police officer's testimony by reference to matters outside the evidence. See Duque v. State, 498 So.2d 1334 (Fla. 2d DCA 1986) ("These considerations are outside the scope of the jury's deliberation and their injection violates the prosecutor's duty to seek justice...."); Campbell v. State, 679 So.2d 720, 724 (Fla.1996). Furthermore, the prosecutor was providing the jury with two choices regarding guilt or innocence: (1) they should acquit if they believed the officer was lying, and (2) they should convict if they believed the officer was not lying. It was the State's burden to convince the jury beyond a reasonable doubt that Eure sold the officer cocaine on the dates alleged. See Fla. Std. Jury Instr. (Crim.) 2.03. Clearly, the jury could have determined that the State had not met its burden of proof without finding that the officer deliberately lied. They could have found, as defense counsel argued, that the officer was simply mistaken as to identity. The prosecutor's argument amounted to a misinstruction on the law.
Finally, the prosecutor closed the State's argument by asserting:
This is the man; this is the cocaine. This is the bane of our existence in this almost 21st century, and there's the man who caused it. I'm asking you for one thing and one thing only: A verdict of guilty. Convict this drug dealer and convict him on the testimony of that detective.
(Emphasis supplied.)
This argument by the prosecutor was an improper "message to the community" argument, aimed at the jurors' most elemental fears of a lawless community that could endanger the jurors and their families. This type of argument has long been condemned by the courts because of its "obvious *801 appeal to the emotions and fears of the jurors." Bertolotti v. State, 476 So.2d 130, 133 (Fla.1985).
It is well established that the State should seek justice, not a conviction unfairly obtained. As the Florida Supreme Court declared in Goddard v. State, 143 Fla. 28, 196 So. 596, 602 (Fla.1940), "No conviction is warranted except upon convincing evidence fully and fairly presented." And shortly after its creation, this court reminded that a prosecutor has a duty to see the accused is afforded a fair and impartial trial. See Gonzalez v. State, 97 So.2d 127, 128 (Fla. 2d DCA 1957).
We conclude that the prosecutor's remarks in his closing argument to the jury were impermissible comments that deprived the defendant of a fair trial; that because the defense counsel failed to object to such comments, his performance falls outside the range of reasonable professional assistance; and that there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In most instances, the issue of whether defense counsel has been ineffective must be determined in a separate proceeding under Florida Rule of Criminal Procedure 3.850. For a claim to be cognizable on direct appeal, the ineffectiveness must be apparent on the face of the record, such that "it would be a waste of judicial resources to require the trial court to address the issue." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987).
If we could determine that in any way the defense counsel's failure to object was a strategic move, we would not find ineffectiveness; however, in light of the egregious arguments made by the prosecutor, we conclude that counsel's failure to object fell below any standard of reasonable professional assistance. Moreover, there is a reasonable probability that the outcome would have been different because, had an objection and motion for mistrial been made and denied by the trial court, the error would have been preserved. In such a scenario, we undoubtedly would have reversed Eure's conviction in this appeal.
We have been very concerned about improper comments and improper closing arguments by the State and have recently reversed convictions in such instances where the ineffectiveness of counsel appears on the face of the record. For example, in Ross v. State, 726 So.2d 317 (Fla. 2d DCA 1998), we held that defense counsel was ineffective for failing to object where the prosecutor characterized the defendant's testimony as "nonsense" and "bologna" and told the jury the defense counsel presented witnesses who were "pathetic," "ridiculous," "inappropriate," "insulting to the jury's intelligence," and who had "just flat out lied." Also, in Rodriguez v. State, 761 So.2d 381 (Fla. 2d DCA 2000), this court, on direct appeal, held that defense counsel was ineffective for failing to object when the prosecutor questioned the defendant about his prior convictions.
As noted, for this type of claim to be cognizable on direct appeal, the ineffectiveness must be apparent on the face of the record. See Blanco; Foster v. State, 387 So.2d 344 (Fla.1980) (reversing conviction on direct appeal because counsel's joint representation of codefendants constituted ineffective assistance of counsel). We reiterate, however, that defense counsel has the duty to object to improper comments by the State and to move for a mistrial where required. See Ross, 726 So.2d at 319.
Our sister courts are in accord on this approach. In Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985), the Fourth District reversed convictions on direct appeal based on a determination that defense counsel's failure to object to the prosecutor's numerous improper questions and comments constituted ineffective assistance of counsel appearing on the face of the record. In Mizell v. State, 716 So.2d *802 829 (Fla. 3d DCA 1998), the Third District held that counsel rendered ineffective assistance for failing to object to an excessive sentence. The court addressed the ineffective assistance claim on direct appeal "to avoid the legal churning which would be required if we made the parties and the lower court do the long way what we ourselves should do the short." Mizell, 716 So.2d at 830.
Reversed and remanded.
BLUE, A.C.J., and WHATLEY, J., Concur.