PER CURIAM.
Tarris Gadson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because two of Gadson’s claims are not refuted by attachments to the trial court’s order, we reverse on these claims but affirm the trial court’s order in all other respects.
Gadson alleges that his trial counsel was ineffective for failing to object contemporaneously and with specificity to improper comments made by the prosecutor during closing arguments. The trial court denied the claim stating that prose-cutorial misconduct should be addressed on direct appeal. The trial court is correct that prosecutorial misconduct should be addressed on appeal, but no documents were attached to the order denying relief to show that Gadson’s counsel preserved the issue for appeal with contemporaneous objections. If counsel did not preserve the issue, it could not have been addressed on appeal unless counsel’s ineffectiveness in not objecting was apparent from the face *1184 of the record. See Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000). On remand, the trial court must determine whether Gadson’s trial counsel was ineffective in not objecting to improper closing argument and, if so, whether there is a reasonable probability that the omissions affected the outcome of the trial.
Gadson’s other facially sufficient claim is that his counsel was ineffective for not objecting and moving for a mistrial when the prosecution elicited testimony from at least two law enforcement witnesses that implied Gadson had prior contacts with law enforcement, indicating a criminal record. See Romano v. State, 562 So.2d 406 (Fla. 4th DCA 1990). The trial court again denied this claim by identifying it as an issue that should be addressed on appeal. However, no documents were attached to the court’s order to show that the issue was preserved for appeal. On remand, this issue will require the same analysis by the trial court as the previous issue.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and BLUE and WHATLEY, JJ., Concur.