829 So.2d 323 (2002)
Manuel GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3075.
District Court of Appeal of Florida, Second District.
October 25, 2002.
*324 DAVIS, Judge.
Manuel Gonzalez appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without comment, the issues addressed in the trial court's order, but we reverse and remand for consideration of an issue that the trial court failed to address.
Gonzalez was convicted of four counts of sexual battery on a victim less than twelve and two counts of lewd/lascivious act on a child. He received concurrent life terms on the sexual battery counts and seventy-three months' incarceration on the lewd/lascivious counts, concurrent with each other and consecutive to the sexual battery sentences. Gonzalez alleges several instances of ineffective assistance of trial counsel. Although the trial court correctly denied relief on all of the allegations addressed in the order, the trial court failed to address Gonzalez's allegation regarding his counsel's failure to object to a portion of the State's closing argument.
The alleged victims of these offenses were two children, ages eight and nine at the time of the trial. During pretrial discovery, Gonzalez's attorney obtained documents indicating that these girls were victims of previous sexual abuse by their mother's former boyfriend. The trial court granted the State's pretrial motion in limine and excluded this evidence from trial. During the closing argument, the State suggested that the young witnesses should be believed because they knew things that no one that age should know. The State argued that their ability to provide explicit details proved the children's credibility. Gonzalez's trial counsel did not object to this line of argument. In his postconviction motion, Gonzalez argued that since the jury was not told that the children had been previously sexually abused by another adult male, it was improper for the State to make this argument. He further argued that his attorney's failure to object rendered his counsel ineffective and prejudiced him.
From the record that we have on appeal, it does appear that the argument was improper; however, we cannot determine whether the failure to object was prejudicial to Gonzalez. Accordingly, we reverse and remand for the trial court to review this issue. If the trial court should summarily deny relief as to this ground, the trial court must attach to its order those portions of the record that justify the denial.
Reversed and remanded with directions.
FULMER and KELLY, JJ., Concur.