851 So.2d 859 (2003)
Manuel GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1496.
District Court of Appeal of Florida, Second District.
August 8, 2003.
KELLY, Judge.
Manuel Gonzalez challenges the summary denial of his motion for postconviction *860 relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the attachments to the trial court's order do not refute Gonzalez's claim that his counsel was ineffective for failing to object to comments made by the prosecutor during closing arguments, we reverse.
Gonzalez was convicted of four counts of sexual battery on a victim less than twelve and two counts of lewd/lascivious act on a child. He received concurrent life terms on the sexual battery counts and seventy-three months' incarceration on the lewd/lascivious counts, concurrent with each other and consecutive to the sexual battery sentences. On July 23, 2001, Gonzalez filed a rule 3.850 motion alleging several grounds of ineffective assistance of counsel. The trial court summarily denied his motion on June 21, 2002. This court affirmed the order without comment, but reversed and remanded for the trial court to address an allegation made by Gonzalez that was not addressed in the order. See Gonzalez v. State, 829 So.2d 323 (Fla. 2d DCA 2002).
On remand, the trial court was to address the following issue:
Whether counsel was ineffective for failing to object to the prosecutor's improper and prejudicial statements in closing argument.
A claim that counsel was ineffective for failing to object to remarks in a prosecutor's closing argument is cognizable in a motion for postconviction relief. See Eure v. State, 764 So.2d 798, 801 (Fla. 2d DCA 2000); Ross v. State, 726 So.2d 317, 318 (Fla. 2d DCA 1998).
Before trial, the State obtained an order in limine directing the defense and all of its witnesses to refrain from mentioning that the victims had allegedly been sexually molested by another man prior to the charged offenses. Then, during closing arguments, the prosecutor made numerous and very specific comments that implied that the victims would not have had any knowledge regarding sexual acts but for the acts perpetrated against them by Gonzalez. Gonzalez claimed that his counsel was ineffective for not objecting to these comments by the prosecutor. In Gonzalez, this court stated that, from the record on appeal, the arguments made by the prosecutor appeared improper. Id. at 324. The case was remanded for the trial court to determine if the failure to object was prejudicial to Gonzalez.
In its order, the trial court attached a portion of defense counsel's closing argument. Counsel stated that the victims may have learned about sex from a magazine or a movie or someone may have taught them about "the birds and the bees." The trial court stated in its order that, since defense counsel argued in her closing argument that the victims' knowledge may have come from another source, Gonzalez failed to show how he was prejudiced by counsel's failure to object to the prosecutor's statements. This is not enough to refute Gonzalez's claim. In his closing argument, the prosecutor mentioned that one of the victims "described ejaculate; she was able to describe how it tasted; she was able to describe how it looked" and that she could not have known that if she were not telling the truth about being molested by Gonzalez. Defense counsel's statements that the victims could have learned about sex from a magazine or movie would not have been enough to counteract these graphic statements by the prosecutor.
In its order, the trial court also made a blanket statement that, after reviewing the entire transcript, it did not find that but for counsel's failure to object, the outcome of the trial would have been different. The trial court did not include any attachments *861 to back up this statement, nor did it refer to any specific parts of the transcript. See Fla. R.Crim. P. 3.850(d).
Because the attachments to the trial court's order fail to refute Gonzalez's claims regarding trial counsel's failure to object to the improper closing argument, we reverse for an evidentiary hearing. See Perry v. State, 787 So.2d 67 (Fla. 2d DCA 2001).
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.