ALTENBERND, Chief Judge.
Patrick-Henry Talbert appeals the trial court’s order summarily denying his timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Talbert’s motion contains two claims. We affirm without further comment the trial court’s order denying claim two, but reverse and remand for further proceedings concerning claim one.
Mr. Talbert was convicted in 1999 of racketeering, fraudulent sale of securities, and numerous other offenses. We affirmed his direct appeal in 2001. Talbert v. State, 791 So.2d 476 (Fla. 2d DCA 2001) (table decision). In his motion for post-conviction relief, Mr. Talbert’s first claim stated that the prosecutor repeatedly called him a liar and argued that Mr. Talbert was a minister who was violating the commandment, “Thou shalt not lie.” He argued that his lawyer was ineffective because he failed to object to this prosecu-torial misconduct.
*380 The trial court summarily denied this portion of the motion without attaching any portion of the record, explaining that prosecutorial misconduct should be raised on direct appeal and not in a motion for postconviction relief. The trial court’s order cited to this court’s opinion in Gadson v. State, 773 So.2d 1183 (Fla. 2d DCA 2000). However, this court in Gadson reversed an order virtually identical to the order on appeal. In Gadson, we stated:
Gadson alleges that his trial counsel was ineffective for failing to object contemporaneously and with specificity to improper comments made by the prosecutor during closing arguments. The trial court denied the claim stating that prosecutorial misconduct should be addressed on direct appeal. The trial court is correct that prosecutorial misconduct should be addressed on appeal, but no documents were attached to the order denying relief to show that Gad-son’s counsel preserved the issue for appeal with contemporaneous objections. If counsel did not preserve the issue, it could not have been addressed on appeal unless counsel’s ineffectiveness in not objecting was apparent from the face of the record. See Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000). On remand, the trial court must determine whether Gadson’s trial counsel was ineffective in not objecting to improper closing argument and, if so, whether there is a reasonable probability that the omissions affected the outcome of the trial.
773 So.2d at 1183-84.
We reverse and remand this case with the same directions that we gave to the trial court in Gadson.
COVINGTON and KELLY, JJ., Concur.