978 So.2d 868 (2008)
Mickey KIDD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4871.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Mickey T. Kidd, was found guilty by a jury of one count of first-degree murder with a firearm and one count of attempted robbery with a firearm. The sole issue he raises on appeal is his claim that he received ineffective assistance of counsel.
"The general rule is that the adequacy of a lawyer's representation may not be raised for the first time on a direct appeal. The rationale for the rule is that that issue has not been raised or ruled on by the trial court." Dennis v. State, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997). Such claims should properly be raised on a motion for post-conviction relief. See *869 Bradberry v. State, 922 So.2d 457, 458 (Fla. 4th DCA 2006). Appellant asserts that the present case falls into the exception to the above rule, where an appellate court may review an ineffective assistance of counsel claim on direct appeal when the claimed ineffectiveness is apparent on the face of the record. Florida courts have recognized such an exception in limited circumstances. See Mansfield v. State, 758 So.2d 636, 642 (Fla.2000).
Appellant cites Gordon v. State, 469 So.2d 795, 798 (Fla. 4th DCA 1985), in which this court acknowledged the general rule against ineffective assistance claims on direct appeal but found that trial counsel's deficient performance was apparent on the face of the record. However, this court noted that Gordon was an extraordinary case because the appellant had pointed out 104 instances where defense counsel had failed to object to improper questions or comments by the prosecutor. Gordon, 469 So.2d at 797. Concurring specially, Judge Anstead wrote to caution litigants that the court would not ordinarily hear ineffective assistance claims on direct appeal, and that the proper procedure for such a claim was a motion for post-conviction relief:
Such claims ordinarily turn on issues of fact and both sides are entitled to present relevant evidence to the trial court to resolve those issues. It is only because of the gross and patent showing of ineffectiveness virtually conceded by the state on this record that we are taking the highly unusual step of intervening at this stage of the proceedings.
Id. at 798. After the passage of section 924.051, Florida Statutes (Supp.1996), governing the terms and conditions of appeals and collateral review in criminal cases, appellate courts are even more reluctant to review an ineffective assistance claim on direct appeal. See Wingate v. State, 729 So.2d 492, 493 (Fla. 1st DCA 1999)(finding appellant's ineffective assistance claim not properly raised on direct appeal in light of enactment of section 924.051, Florida Statutes (Supp.1996)); Dennis, 696 So.2d at 1282 n. 1 (stating that this court would not reach question of continued viability of Gordon, in light of passage of section 924.051, Florida Statutes (Supp.1996)).
Appellant claims defense counsel rendered ineffective assistance because he allowed the state to introduce inadmissible hearsay in the form of prior testimony of an unavailable witness where state failed to prove the unavailability of the witness. The record shows that appellant's trial counsel did not simply fail to object, but that appellant and his counsel discussed the matter and decided for their own reasons to allow the state to admit the testimony uncontested. We make no ruling on the trial court's admission of the testimony. We hold only that ineffective assistance of counsel was not apparent from the face of the record.
We therefore affirm without prejudice to appellant's ability to file a rule 3.850 motion as he may deem appropriate.
Affirmed.
POLEN and MAY, JJ., concur.