IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEVEN JOHNSON JR.,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0431

Opinion filed July 15, 2015.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Steven Johnson Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.


PER CURIAM.

The appellant appeals an order granting a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  For the reasons discussed below, we reverse and remand for further proceedings.

The appellant entered a negotiated plea of guilty in three cases to two charges of possession of a controlled substance, and two counts of driving while license suspended or revoked (habitual offender revocation), a violation of section

322.34(5), Florida Statutes (2013), in exchange for concurrent sentences of 18 months' imprisonment for each count. The appellant filed a motion for postconviction relief alleging that he could not have been convicted of the driving while license suspended or revoked charges because he never had a valid license. He alleged that he would not have entered his plea had counsel advised him that he could not be convicted of those charges. The State conceded that the appellant's convictions for driving while license suspended or revoked were improper. The trial court then granted the motion and reduced the appellant's convictions to those for driving without a valid driver's license (a misdemeanor offense). However, the trial court failed to address the appellant's claim that he would not have entered the plea had he been advised that he could not be convicted of two felony driving offenses. Thus, we reverse and remand for the trial court to address that allegation. Cf. Gonzalez v. State, 829 So. 2d 323 (Fla. 2d DCA 2002) (affirming denial of post-conviction in part, but reversing and remanding for trial court to rule on issue not addressed in order).

REVERSED and REMANDED for further proceedings.

ROWE, SWANSON, and BILBREY, JJ., CONCUR.