DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN NAVAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1044

[March 16, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William Roby, Judge; L.T. Case No. 562012CF003177A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

We affirm appellant's convictions and sentences for trespass in a structure, trespass in a conveyance, theft, and sexual battery with the victim physically helpless. Appellant claims that a detective's testimony regarding non-verbal "admissions" by the appellant, observed by the detective during an investigative interview, was improper opinion testimony and a comment on the guilt of appellant. Appellant's counsel did not object, however, to this testimony. Thus, this issue can be raised on appeal only if it constituted fundamental error, which we conclude that it does not. *See Odeh v. State*, 82 So. 3d 915, 921 (Fla. 4th DCA 2011) (describing fundamental error as error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error). We also cannot state that the failure to object constitutes ineffective assistance of counsel on the face of this record. *Kidd v. State*, 978 So. 2d 868, 869 (Fla. 4th DCA 2008). Appellant also contends that the court erred in denying his motion for judgment of acquittal on his petit theft conviction. We affirm without further comment, concluding that the State presented evidence inconsistent with appellant's hypothesis of innocence.

*Affirmed, without prejudice to appellant's ability to assert any claim in a motion for post-conviction relief.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***