IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ULRICK WATSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2571

CORRECTED PAGES: pg 1
CORRECTION IS UNDERLINED IN
RED
MAILED: December 22, 2016
BY: KMS

Opinion filed December 16, 2016.

An appeal from an order of the Circuit Court for Duval County.
Russell L. Healey, Judge.

Ulrick Watson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Charlie Lee, Assistant Attorney General,
Tallahassee, for Appellee.


PER CURIAM.

The Appellant challenges the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground one. In ground two, Appellant alleges a claim of ineffective assistance of *appellate* counsel and a claim of ineffective assistance of *trial* counsel. The trial court properly denied the claim of ineffective assistance of appellate counsel as that claim is not cognizable in a rule 3.850 motion. See Fla. R.

App. P. 9.141(d)(3) ("Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken"). However, Appellant also alleges that trial counsel was ineffective for failing to call witnesses and that trial counsel was the reason he lost at trial. This specific claim was never addressed by the trial court. Thus, we reverse and remand for the trial court to address the ineffective assistance of trial counsel claim. See Gonzalez v. State, 829 So. 2d 323 (Fla. 2d DCA 2002) (affirming denial of post-conviction in part, but reversing and remanding for trial court to rule on issue not addressed in order).

AFFIRMED in part, REVERSED and REMANDED in part, with directions.

WOLF, BILBREY, and M.K. THOMAS, JJ., CONCUR.