CAMPBELL, Judge.
Appellant, Terry Lee Coley, appeals his conviction and sentence for robbery with a firearm. Appellant argues that the trial court erred in allowing the prosecutor to comment on the truthfulness of his testimony. We affirm.
On November 14, 1982, appellant was arrested in a Wendy’s restaurant as a result of a call to the police from one of the employees stating that a robbery was taking place. When the police arrived, appellant was observed in the restaurant with a revolver in his hand. The officers thereupon ordered appellant to lie down and he was arrested. A set of brass knuckles and a revolver were found on the floor next to appellant.
Appellant testified that on the night in question, he and Lucious Weaver were driving to Sarasota when Weaver asked him to park his car so he could collect some money from a friend. Weaver then left the car on foot. Appellant then walked to Wendy’s because he was diabetic and needed to eat. When he arrived at the restaurant, he observed Weaver inside and knocked on the door. Weaver let appellant into the restaurant and appellant suggested they leave. He stated that he hoped to prevent Weaver from committing the robbery. However, when he realized that he could not stop Weaver, he laid down on the floor because he was weak and afraid.
At trial, the prosecutor commented on appellant’s testimony in his closing argument by raising doubts as to the truthfulness of appellant’s statements. We find no merit in appellant’s assertion that the trial court committed reversible error in allowing the prosecutor to attack his credibility.
There was overwhelming evidence against appellant, including the descriptive testimony of several employees who were at the restaurant when the robbery took place. Nevertheless, appellant took the stand and attempted to explain away his responsibility for the crime. As a result, the prosecutor pointed out in detail, from the facts and witnesses, the circumstances that indicated that appellant was lying.
In Hall v. State, 444 So.2d 1019 (Fla. 3d DCA 1984), the court held certain comments made by the prosecutor to be legally harmless in light of the overwhelming evidence against Hall, which included the testimony of two eyewitnesses and the victim. Likewise, in State v. Murray, 443 So.2d 955 (Fla.1984), the Florida Supreme Court stated that the defendant’s credibility was subject to attack during closing argument, and any comments were harmless due to the overwhelming evidence. Where a defendant elects to testify in his defense, and in so doing, testifies contrary to the reasonable inferences to be drawn from the overwhelming weight of the other evidence, his credibility is properly subject to attack and comment by the prosecution.
Accordingly, we affirm the judgment of the trial court on the authority of Hall v. State and State v. Murray.
GRIMES, A.CJ., and LEHAN, J., concur.