605 So.2d 974 (1992)
Allen CLEWIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-283.
District Court of Appeal of Florida, Third District.
October 6, 1992.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Leslie Schreiber, Asst. Atty. Gen., for appellee.
Before FERGUSON, COPE and LEVY, JJ.
FERGUSON, Judge.
Clewis was arrested for a midnight street sale of cocaine to a police officer, over four hours after the incident, by another police officer who did not witness the transaction. Clewis claimed to be a victim of a misidentification. Officer Meyers, an undercover Key West police officer who made the purchase, made the only eyewitness identification of the defendant as the seller. When arrested, the defendant had no drugs in his possession, was in attire different from that worn by the drug dealer, and was not in possession of the marked money used to make the purchase.
During final argument the prosecutor misadvised the jury as follows:
PROSECUTOR: That [the defendant's testimony] is not a reasonable doubt. A reasonable doubt is something you can attach reason to. You have to believe his story over the story of those police officers that saw him that night to have reasonable doubt.
You must believe that you must disbelieve the testimony of those police officers 

*975 DEFENSE COUNSEL: Objection, your Honor.
THE COURT: You want to argue at the bench.
(Proceedings had at sidebar).
MR. JONES: Your Honor, reasonable doubt I don't think is where you believe one side or the other side.
PROSECUTOR: The case involves the belief of those police officers.
THE COURT: Overruled.
(Proceedings concluded at sidebar).
The test for reasonable doubt is not which side is more believable, but whether, taking all of the evidence in the case into consideration, guilt as to every essential element of the charge has been proven beyond a reasonable doubt. United States v. Stanfield, 521 F.2d 1122, 1125 (9th Cir.1975). The argument made by the prosecutor distorts the State's burden of proof by shifting that burden to the defense. See United States v. Reed, 724 F.2d 677, 681 (8th Cir.1984) (prosecutor's comment "that for the jury to acquit Reed `[they] must determine that Mr. Reed is telling the truth and that all [the government witnesses] are lying to you,' involves a distortion of the government's burden of proof."); United States v. Vargas, 583 F.2d 380, 387 (7th Cir.1978) ("To tell the jurors that they had to choose between the two stories was error."); People v. Ferguson, 172 Ill. App.3d 1, 12, 122 Ill.Dec. 266, 274, 526 N.E.2d 525, 533 (prosecutor's comment that "to find the Defendant not guilty ... you have to believe he told you the truth ... [a]nd that all of [the State's witnesses] are liars and fools" held to be such a misstatement of law as to constitute fundamental error), appeal denied, 122 Ill.2d 583, 125 Ill.Dec. 226, 530 N.E.2d 254 (Ill. 1988).
In Rodriguez v. State, 493 So.2d 1067 (Fla. 3d DCA 1986), we held that a similar misstatement of the law was "unquestionably erroneous." We affirmed the conviction in Rodriguez because an objection to the comment had been sustained and a curative instruction was given which was obviously satisfactory to the defendant. Here the defendant's objection to the erroneous statement of law was overruled. We hold again, as in Rodriguez, that it is legally incorrect to ask the jury to decide, as the test for reasonable doubt, who is the liar as between the accused and a police officer. The trial setting in a small community, where the officer was known to one or more of the jurors, made the distortion of the law especially prejudicial.
The remaining question is whether the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We conclude it was not. It should be noted that in this case the jury acquitted the defendant on one count of sale of cocaine, while convicting on two other counts with which the defendant was charged. The jury sent out a note essentially inquiring whether the testimony of a third police officer shed light on the identity of the seller of the cocaine in one of the transactions. The fact that the police officer and the defendant had had prior contact with each other was argued by the State to bolster the officer's identification and by the defense to urge that the defendant would not knowingly engage in an illegal transaction with a police officer. The jury itself had enough doubt to acquit on one of three counts. We are unable to say that the error was harmless beyond a reasonable doubt.
Reversed and remanded for a new trial.
COPE, J., concurs.
LEVY, Judge, dissenting.
I respectfully dissent. Based upon my reading of the record in this case, I disagree with the majority opinion in connection with both of the issues presented by this appeal.
First, I do not disagree with the description of the "test for reasonable doubt" that is contained in the majority opinion. I do, however, feel that the majority's discussion of this subject is totally inapplicable to the facts of this case. Clearly, the prosecutor's comments, about which the appellant now complains, were nothing more than appropriate arguments concerning the facts of this case. The police witnesses testified that the appellant sold drugs to *976 one of the undercover police officers in a direct, hand-to-hand, drug deal. The appellant testified on his own behalf and denied that he was involved. Quite obviously, this was a swearing match in which the credibility of the two sides was the main, if not the only, issue for the jury to resolve. More important, the prosecutor's closing argument was just that ... argument. There is nothing contained in the record of this case to suggest that the prosecutor ever attempted to usurp the Court's responsibility to instruct the jury on the law.
Appropriately, it was the trial judge who advised the jury concerning the law of the State that was to be applied by the jury to the facts of this case. Included within the jury instructions given by the trial judge to the jury, were instructions concerning "reasonable doubt" and the "presumption of innocence". Furthermore, the trial judge advised the jury that "The defendant is not required to prove anything." At the conclusion of instructing the jury, the trial judge asked if there were "any objections to the way in which the jury was instructed". Each side said no, thereby reflecting that the appellant, as well as the State, felt that the jury had been properly instructed concerning both "reasonable doubt" and the "presumption of innocence".
The second area of disagreement that I have with the majority's opinion relates to the concept of harmless error. While this subject need only be addressed if it were to be determined that the prosecutor's comments were error, I must address it herein in view of the majority's incorrect characterization of the State's case being premised on "scant prosecutorial evidence".
Quite to the contrary, the record in this case demonstrates that the prosecution's evidence was overwhelming. Putting aside all of the corroborating evidence provided by the other police officers, the direct and positive testimony of Detective Meyers clearly established that the appellant made a hand-to-hand sale of $20 worth of crack cocaine to Detective Meyers. Furthermore, eliminating any possible concern about the reliability of the identification of the appellant by Detective Meyers, the evidence established that Detective Meyers had had previous contact with the defendant on at least ten different occasions. In addition to the forgoing, the appellant is faced with the reality that various portions of his criminal activities, involved in this case, had been observed by other police officers.
In conclusion, a review of the entire record in this case not only reflects, but firmly establishes that the prosecutor committed no error in his closing argument and, furthermore, if one were to attribute error to a portion of the prosecutor's closing argument, then that alleged error must be deemed harmless in view of the force of the State's evidence against the appellant. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, I would affirm both the judgment and sentence of the trial court.