GREEN, Judge.
The appellant, Carlos Riggins, appeals the trial court’s order adjudicating him guilty of first-degree murder (count I) and attempted robbery with a firearm (count II). Riggins was sentenced to life imprisonment, including a twenty-five-year minimum mandatory term on count I to run concurrently with his sentence of three years of imprisonment on count II. We affirm.
The evidence against Riggins proved his guilt beyond a reasonable dóubt, arid of the .three issues raised by him, only his complaint about prosecutorial misconduct merits comment. The prosecutor, Assistant State Attorney Richard A. Riplinger, made the following statement during his initial closing argument in reference to the state’s primary witness, to which defense counsel objected.
■ Is this a convenient way, so he doesn’t have to call her a liar because to call that lady a liar would strain anybody’s credibility and to. disbelieve her, you’re going to have to believe she’s a liar and—
MR. DILLINGER: I’m going to object. It’s an improper comment on the evidence to say to disbelief [sic] a government witness you’ll have to say they’re a liar.
THE COURT: Noted for the record. Continue.
MR. RIPLINGER: You’re going to have to force yourself to believe that she wasn’t telling you the truth, she was lying for the last two years. And you’re going to have to have a reasonable doubt, and you’re going to have to force yourself to believe that the Defendant’s girlfriend and Vernon Miller squirming around in the witness chair as you saw him here, his accomplice after the fact hiding the guns. Just based on her testimony alone.
Following the completion of the prosecutor’s opening final argument, defense counsel approached the bench and again raised his objection to the prosecutor’s argument that the jurors must believe the state’s witness was lying in order, to believe Rig-gin’s version of events. The trial judge *569 improperly overruled defense counsel’s objections.
It is improper for a prosecutor to suggest that the only way to believe the accused’s version of events is to disbelieve a witness’s testimony. See Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992). This statement made by the prosecutor distorted the state’s burden of proof by shifting the burden to the accused. See id. at 975. See also Northard v. State, 675 So.2d 652 (Fla. 4th DCA 1996) (holding that prosecutor’s argument was impermissible because it improperly asked the jury to determine who was lying as the test for deciding if appellant was not guilty).
Later, in the prosecutor’s closing final argument he made the following statements:
Now, either he was standing at the door pointing the gun at him saying give it up or he wasn’t. Nobody is going to imagine that. Nobody’s going to—you know, you haven’t heard that she’s some kind of crazy lady. You haven’t heard that she’s some kind of bad person. You haven’t heard any kind of reason to attack him coming in the store. And he spent a lot of time on, well, you know, if this was really a robbery he would have put his bicycle closer to the door. Well, he got away on it, didn’t he? Well, I guess, if, you know, Bob Dillinger was going to commit a robbery, he would commit it with a mask.
The Defense Attorney’s been around a long time. He probably would make an excellent armed robber and he would probably handle being robbed in a better situation, maybe. That’s only maybe.
It’s easy for him to come in here in hindsight, 2%o vision, and say how this robbery could have been handled by the victim any differently. So what if he had some money and just wanted more. Those are reasons for you to disbelieve what this lady had to tell you here?
This argument was not objected to, and defense counsel never moved for a mistrial.
We note the similarity of the prosecutor’s comments in the instant case and comments this same assistant state attorney made in the case of Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998). In Palazon, Assistant State Attorney Richard A. Riplinger stated in his final argument, in reference to defense counsel, “You know, maybe Mr. Yeazell would be, you know, a pretty tough rape victim. You know he would know what to do—he’d know how to scream, he’d know how to fight back.” Palazon, 711 So.2d at 1177. This court held these statements to be an improper attack on defense counsel. See id.
Although the prosecutor’s comments relating to the fact that defense counsel would make “an excellent armed robber” were improper, we find the error harmless beyond a reasonable doubt in light of the evidence of guilt presented against Riggins. We also note that the Palazon case had not been released at the time of Riggins’ trial.
We conclude that although both comments made by the prosecutor in this case were improper, any error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.
BLUE, A.C.J., and SALCINES, J., Concur.