787 So.2d 67 (2001)
Joseph N. PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2605.
District Court of Appeal of Florida, Second District.
March 7, 2001.
*68 BLUE, Acting Chief Judge.
Joseph N. Perry appeals the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Perry raises eleven claims in this motion. We affirm without discussion the trial court's determination on all but one of those claims. We reverse that portion of the trial court's order concerning Perry's claim that he received ineffective assistance of counsel because counsel failed to object to the prosecutor's improper closing argument, and we remand for further proceedings.
In his motion, Perry argued that counsel's inaction at closing prejudiced him because the failure to timely object to the prosecutor's remarks, including the phrase that the defense witnesses were all a pack of liars, waived appellate review of the issue. In its order, the trial court found that this allegation should have been raised in Perry's direct appeal. Additionally, the court found that the remarks were proper comments on the evidence. We disagree with both findings. See Henderson v. State, 727 So.2d 284 (Fla. 2d DCA 1999) (holding that a prosecutor's remarks referring to defense witnesses as a "pack of liars" were improper, but not fundamental error; court unable to review on appeal because trial counsel failed to preserve error).
A claim that counsel was ineffective for failing to object to remarks in a prosecutor's closing argument is cognizable in a motion for postconviction relief. See Eure v. State, 764 So.2d 798, 801 (Fla. 2d DCA 2000); Ross v. State, 726 So.2d 317, 318 (Fla. 2d DCA 1998). Moreover, it is improper argument for the prosecutor to suggest that the only way to believe the accused's version of events is to disbelieve a witness's testimony. See Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992).
Accordingly, we reverse and remand to the trial court for further proceedings. Because the attachments to the trial court's order fail to refute Perry's claim regarding trial counsel's failure to object to improper closing argument, we reverse for an evidentiary hearing. See Goswick v. State, 658 So.2d 1215 (Fla. 1st DCA 1995) (holding that reversal required where trial court did not attach portions of the transcripts to refute claim of ineffective assistance of trial counsel for failing to object to improper closing argument).
Affirmed in part, reversed in part, and remanded.
FULMER and STRINGER, JJ., concur.