842 So.2d 170 (2003)
Dania Antwan COVINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1435.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Rehearing Denied April 16, 2003.
Bennett H. Brummer, Public Defender, and Howard L. Blumberg, Assistant Public Defender, for appellant.
*171 Charles J. Crist, Jr., Attorney General, John D. Barker, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, J.
Dania Antwan Covington appeals his conviction for possession of a firearm by a convicted felon. The question before us is whether the conviction should be reversed on account of objectedto prosecutorial closing arguments. We affirm.

I.
The disputed issue at trial was whether the defendant had a gun in his possession.[1] Arresting officer Tellez, a Miami-Dade County police officer, testified that he and a partner were on uniformed road patrol at 4:00 a.m. He saw the defendant and two other individuals standing by a car. He saw the defendant pull something that looked silver out of his waistband and duck behind the car when he saw the police car. The officer thought that the silver object might be a firearm. The defendant and his companions walked away.
When Officer Tellez went to where the men had been standing, he found a handgun and a jacket.[2] He and other officers arrested the defendant.
The defense presented witness Articha Carter, age seventeen, a friend of the defendant who lived at the apartment complex where the arrest occurred. She was standing outside the apartment building when the police officers arrived. She said that she saw the defendant at this time, and she never saw him in possession of a gun. After officers found the firearm, she told the defendant that the officers had found a gun.
In closing argument, the following occurred:
[PROSECUTOR]: There was one element that was left unproven. That element was, did the Defendant possess the firearm? Did he possess the firearm? It's that simple.
The question before you, now that you heard all the evidence in the case, is do you believe Officer Tellez or do you believe Articha Carter.
[DEFENSE COUNSEL]: I would object. Can we have a side bar.
(Thereupon: The following proceedings were held outside of the hearing of the jury.)
THE COURT: Yes.
[DEFENSE COUNSEL]: Judge, she is misstating the law. Also it shifts the burden from the prosecution and bolsters the credibility of the officer. That is improperly bolstering the officer. It is not the case that the question here iswho these jurors belie[ve] is not the question. It is whether the State proved their case beyond a reasonable doubt.
THE COURT: I allow you to make an argument if you think that's true, but I think they're entitled to make their argument. Your objection is overruled.
[DEFENSE COUNSEL]: Can we just put this on the record, Your Honor. It is an improper statement for the State to say if the members of the jury believe Officer Tellez that they have proven their case, this is not the question. The question is, whether they have proven their case beyond a reasonable doubt.

*172 THE COURT: Response?
[PROSECUTOR]: Just for the record, when I have the opportunity to, that's what we plan on doing, but the objection is repetitive, Judge.
[DEFENSE COUNSEL]: We are making a motion for mistrial based on cumulative errors.
THE COURT: Denied.
(Thereupon: The following proceedings were held within the hearing of the jury.)
[PROSECUTOR]: Now, when I say do you believe Officer Tellez or Articha Carter[,][w]hat I mean is, when you get the instructions from the Judge, the Judge is going to give you a set of instructions on weighing the evidence, and in that instruction you will hear that the witness seemed to have an opportunity to see and know the things about which he or she testified.
Tr. 106-08. The prosecutor then reviewed the testimony of Officer Tellez and Ms. Carter, arguing the reasons why the officer should be believed and Ms. Carter should not.
The prosecutor then addressed the defense claim that the officer was not credible:
The defense wants you to believe he didn't make all of those decisions when he picked [up the] gun. He's not credible. That he didn't do a good job because he didn't collect every teeny bit of evidence that might be available. You shouldn't believe him. That's up to you. That's up to you. That's why this comes down to [who] do you believe.
[DEFENSE COUNSEL]: Same objection. I'd like a standing objection to that line of argument.
THE COURT: Very well.
[THE PROSECUTOR]: It's the State's burden in this case to prove beyond the conclusion of reasonable doubt. So in this case, we submit to you that all you need to believe, all the evidence you need has been presented to you, it is before you and there should be no reasonable doubt[.] Officer Tellez stood on the stand and told you what he saw.
Tr. 114-15.
The jury convicted the defendant of possession of a firearm by a convicted felon, and the defendant has appealed.

II.
It is of course permissible for counsel to argue, based on the record, that one witness should be believed and another should not. Shellito v. State, 701 So.2d 837, 841-42 (Fla.1997); see Forman v. Wallshein, 671 So.2d 872, 874 (Fla. 3d DCA 1996); Coley v. State, 449 So.2d 409, 410 (Fla. 2d DCA 1984); see also United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991); State v. Aguilar, 117 N.M. 501, 873 P.2d 247, 253 (1994); People v. Crane, 308 Ill.App.3d 675, 242 Ill.Dec. 378, 721 N.E.2d 657, 668 (1999).
In arguing the evidence, however, the prosecutor must not misstate the burden of proof. In Gore v. State, 719 So.2d 1197 (Fla.1998), the court said:
In addition to the improprieties concerning collateral crime evidence, the prosecutor twice exhorted the jurors during closing argument to convict Gore if they disbelieved his testimony:
You see, when I started with you I told you I have the burden of proof and I always have the burden of proof. But you see, now you consider all the evidence presented to you and decided whether I met not just the evidence I presented, but the evidence they presented, you see, because I'll make it really simple for you: If you believe he did not tell you the truth, that he made up a story, that's it, he's guilty of First Degree Murder

*173 . . . .
You know, instead of standing up here for the next however much time I have left, 25 minutes, and just talking about ridiculous statements which I don't want to anymore, okay, we've all listened to everything, I can't, I can't give you anything else that you haven't heard. I can't make this anymore simpler than it is, because that's what it is. It's simple and it comes down to this in simplicity: If you believe his story, he's not guilty. If you believe he's lying to you, he's guilty. It's that simple.

Defense counsel timely objected to these arguments, but each time his objections were overruled. This was error. While wide latitude is permitted in closing argument, see Breedlove v. State, 413 So.2d 1, 8 (Fla.1982), this latitude does not extend to permit improper argument. Here, the prosecutor's closing argument enunciated an erroneous and misleading statement of the State's burden of proof because it improperly asked the jury to determine whether Gore was lying as the sole test for determining the issue of his guilt.
The standard for a criminal conviction is not which side is more believable, but whether, taking all the evidence into consideration, the State has proven every essential element of the crime beyond a reasonable doubt. For that reason, it is error for a prosecutor to make statements that shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt. See Northard v. State, 675 So.2d 652, 653 (Fla. 4th DCA), review denied, 680 So.2d 424 (Fla.1996); Clewis v. State, 605 So.2d 974, 974 (Fla. 3d DCA 1992); Bass v. State, 547 So.2d 680, 682 (Fla. 1st DCA 1989). Here, the prosecutor's statement, "[i]f you believe he's lying to you, he's guilty," was nothing more than an exhortation to the jury to convict Gore if it found he did not tell the truth. Thus, it was a clearly impermissible argument. See Bass, 547 So.2d at 682; cf. Craig v. State, 510 So.2d 857, 865 (Fla.1987).
719 So.2d at 1200-01; see also Perry v. State, 787 So.2d 67, 68 (Fla. 2d DCA 2001); Riggins v. State, 757 So.2d 567, 569 (Fla. 2d DCA 2000).
Based on the foregoing, we conclude that the defense objections should have been sustained. The improper argument in Gore was more clear cut, because the prosecutor in Gore explicitly argued the burden of proof and, in that connection, misstated the burden. However, under the analysis in Gore, a closing argument is objectionable if it asks the jury to determine the issue of guilt on the basis of whether the defendant (or a witness) was lying. Id. at 1200. See also Rodriguez v. State, 493 So.2d 1067 (Fla. 3d DCA 1986).
In the present case, the prosecutor began her closing argument by saying that there was one element of the crime which remained to be proven: whether the defendant possessed a firearm. She then stated that this boiled down to whether the jury believed Officer Tellez or the defense witness, Articha Carter. While in one sense, the prosecutor was simply stating the obvious, it was nonetheless phrased in an objectionable way on burden-of-proof grounds. We therefore conclude that the objection, and the similar later objection, should have been sustained.
We also conclude, however, that the error was harmless. The first objection was overruled at sidebar, not in front of the jury. When the prosecutor resumed her argument, she said "Now, when I say do you believe Officer Tellez or Articha Carter[,][w]hat I mean is, when you get the instructions from the Judge, the Judge is going to give you a set of instructions on weighing the evidence, and *174 in that instruction you will hear that the witness seemed to have an opportunity to see and know the things about which he or she testified." Tr. 107-08. The prosecutor thereby clarified that her initial statement had been addressed to the question of weighing the evidence, which is a permissible area of argument. She then followed up with a discussion of each witness' testimony and the reasons why the officer should be believed, and Ms. Carter disbelieved.
The second prosecutorial comment was in this same context. Although that objection also should have been sustained, it was an isolated mention by the prosecutor which was then followed by a correct statement of the burden of proof and the permissible argument that on the basis of the officer's testimony, the jury should find that the prosecution had carried its burden of proof. We conclude that the erroneous arguments were harmless beyond a reasonable doubt. See Clewis v. State, 605 So.2d 974, 975 (Fla. 3d DCA 1992) (improper argument distorting the State's burden of proof is subject to harmless error analysis).
Affirmed.
NOTES
[1] It was stipulated that defendant-appellant Covington is a convicted felon.
[2] The jacket was turned over to the defendant's mother.