878 So.2d 460 (2004)
Ozzie ATKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-192.
District Court of Appeal of Florida, Third District.
July 28, 2004.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., SHEVIN, J. and DAUKSCH, JR., JAMES C., Senior Judge.
SHEVIN, Judge.
Ozzie Atkins appeals convictions and sentences for burglary and petit theft. We reverse and remand for a new trial.
The sole evidence against defendant was the victim's identification. Immediately after the incident, the victim told police that the burglar was six feet tall, weighed 230 pounds and wore a blue shirt. The *461 victim arrived home to find the burglar in his living room and spoke with the burglar in the yard after the burglar left through a window. A few minutes later, the victim identified the man detained by the police at a nearby market as the burglar. The arrest report describes the defendant as five feet nine inches tall, weighing 160 pounds and wearing a beige shirt.
The sole defense at trial was misidentification. During closing, defense counsel argued to the jury that defendant was not claiming that the victim was lying, but that the victim was mistaken, reiterating the discrepancy between the victim's description and the defendant's physical appearance. In response, the prosecutor argued at closing:
Their ... argument is that the person arrested is not the same person that is here today because [the victim] is not a liar.
We're not saying that [what the victim] said is not true, he must be mistaken and he said he's not a liar. He would have to be a liar, he would absolutely have to be a liar.
Thereupon, the court denied defendant's mistrial motion. However, in so doing, we hold that the court abused its discretion. See Santiago v. State, 870 So.2d 198 (Fla. 3d DCA 2004).
The standard for a criminal conviction is not which side is more believable, but whether, taking all the evidence into consideration, the State has proven every essential element of the crime beyond a reasonable doubt. For that reason, it is error for a prosecutor to make statements that shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt.
Gore v. State 719 So.2d 1197, 1200 (Fla.1998). The prosecutor's comment improperly shifted the burden of proof to the defendant. This comment implied that the jury could ignore defendant's argument that acquittal was proper if it believed the victim's identification was a mistake because defendant did not prove the victim was lying. This implication is particularly clear when viewed in the context of the entire defense closing argument that stressed that the victim was not being called a liar, but rather that the victim was merely mistaken. Cf. Rivera v. State, 840 So.2d 284 (Fla. 5th DCA 2003)(prosecutor's comment that jury had to believe victim was a liar to acquit defendant considered fair argument when viewed in context), Cause dismissed, SC03-2074, 875 So.2d 1240, 2003 WL 23105233 (Fla. Dec. 4, 2003). The prosecutor's comment here was an impermissible argument. Gore; Clewis v. State, 605 So.2d 974 (Fla. 3d DCA 1992). See Covington v. State, 842 So.2d 170 (Fla. 3d DCA 2003)(improper to argue to jury that defendant must show defense witnesses are more believable; error harmless where prosecutor clarified statement to remove doubt as to burden of proof).
Moreover, the court's denial of the mistrial motion is not harmless. The sole evidence against the defendant was the victim's questionable identification. The state cannot show beyond a reasonable doubt that the improper comment did not contribute to the verdict.
Based on the foregoing, we reverse the convictions and remand for a new trial.
Reversed and remanded.