WELLS, Judge.
 

 Hector Orlando Torres-Matmoros appeals his convictions and sentences for sexual battery and false imprisonment. The defendant raises four points of error on this appeal: (1) that the testimony of the arresting officer improperly bolstered the credibility of the victim; (2) that the State introduced improper hearsay testimony of the victim through the arresting officer; (3) that, during closing argument, the State improperly shifted the burden of proof to the defendant and made other improper comments; and (4) that the trial court allowed the State to introduce irrelevant, prejudicial evidence in violation of section 90.403 of the Florida Statutes. Finding no reversible error on any of these points, we affirm.
 

 
 *85
 
 As to the bolstering claim, we find that the arresting officer’s re-direct testimony did not constitute bolstering, but only clarification of testimony adduced by Torres-Matmoros on cross-examination.
 
 See Ivory v. State,
 
 821 So.2d 1258, 1260 (Fla. 4th DCA 2002) (applying the abuse of discretion standard and finding no reversible error where the trial court overruled the defendant’s objections that certain testimony by a witness constituted improper bolstering of credibility). As to the arresting officer’s un-objected to testimony on direct examination, it was neither bolstering nor fundamental error so as to support reversal here.
 
 See Fleitas v. State,
 
 3 So.3d 351, 355 n. 3 (Fla. 3d DCA 2008) (confirming that bolstering claims are subject to the contemporaneous objection rule and fundamental error analysis).
 

 As to the hearsay claim, we find that the arresting officer’s purportedly offending testimony concerning statements made to him by the victim were not offered to prove the truth of the matter asserted, and thus did not run afoul of the hearsay rule.
 
 See
 
 § 90.801(l)(c), Fla. Stat. (2009) (defining “hearsay” as a “statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted”);
 
 Penalver v. State,
 
 926 So.2d 1118, 1132 (Fla.2006) (finding that “if the statement is offered for some purpose other than its truth, the statement is not hearsay and is generally admissible if relevant to a material issue in the case”).
 

 We further find no reversible error with respect to the prosecutor’s comments during closing argument. The sole statement made by the prosecutor regarding reasonable doubt, even if viewed as a burden shifting argument, was immediately corrected by the prosecutor, and, when viewed in context, was harmless beyond a reasonable doubt.
 
 See Stires v. State,
 
 824 So.2d 943, 946 (Fla. 5th DCA 2002) (noting that burden shifting issues are subject to the harmless error analysis set forth in
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986)). We decline to address those comments to which no contemporaneous objection was made in that they were not preserved for review and cannot under any standard be considered as fundamental error.
 
 See Brooks v. State,
 
 762 So.2d 879, 898-99 (Fla.2000) (finding that “failing to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review” unless “the unobjected-to comments rise to the level of fundamental error”). As to the few remaining comments that did receive an objection, we find that the court’s rulings rejecting same to be without error in that the remarks were no more than fair comment on the evidence.
 
 See Mann v. State,
 
 603 So.2d 1141, 1143 (Fla.1992) (“Merely arguing a conclusion that can be drawn from the evidence is permissible fair comment.”);
 
 Covington v. State,
 
 842 So.2d 170, 172 (Fla. 3d DCA 2003) (“It is of course permissible for counsel to argue, based on the record, that one witness should be believed and another should not.”).
 

 Finally, we cannot agree that the evidence concerning Torres-Matmoros’ treatment of the victim both before and after the sexual assault at issue here, even if irrelevant, was so prejudicial as to warrant reversal under section 90.403 of the Florida Statutes.
 
 See Denmark v. State,
 
 927 So.2d 1079, 1082 (Fla. 2d DCA 2006) (finding that the appellate courts “apply a harmless error test to the improper admission of evidence under section 90.403”). Rather, we find that testimony was relevant to show the extent of the defendant’s disdain for the victim, and the level of control he exercised over her, factors that
 
 *86
 
 might explain her failure to report his attack for an extended period of time.
 

 Affirmed.