# Third District Court of Appeal

### State of Florida

Opinion filed December 12, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-959
Lower Tribunal No. 16-23077
_____


**Ebony Sweeting,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein and James Odell, Assistant Public Defenders, for appellant.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before LAGOA, LOGUE, and SCALES, JJ.

LAGOA, J.

Ebony Sweeting ("Sweeting") appeals her conviction and sentence for one count of battery of a law enforcement officer. Because comments made by the

State's prosecutor during closing argument improperly shifted the burden of proof, we reverse.

I.    FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of November 17, 2016, three members of the Miami-Dade Police Department—Detectives Daryl Glover ("Detective Glover") and Eduardo Rios ("Detective Rios"), and Officer Dennis Colon ("Officer Colon")—were searching for Khalid Harvey ("Harvey"), later identified as Sweeting's nephew, who they believed had committed a burglary and whose last known address was Sweeting's residence.  Upon their arrival at Sweeting's residence, the officers knocked on the front door of the house.  One of Sweeting's sons opened the door, and another of Sweeting's sons approached the door.  The officers informed the two men that they were searching for someone with the last name "Harvey."  In response, Sweeting's sons demanded to see the officers' search warrant.  After Sweeting's sons stepped outside the house, Sweeting stepped into the threshold of the front door.  The officers informed her of their purpose, to which she responded by asking to see a search warrant.

Conflicting testimony was presented at trial as to what happened after Sweeting asked to see a warrant.  Officer Colon testified that he informed Sweeting a search warrant was unnecessary because they were not there to search her home.  He further testified that he then saw Harvey inside the residence, informed the detectives of Harvey's presence, and politely asked Sweeting to step

2

aside as she was standing right in front of the door. Officer Colon testified that when Sweeting refused, Officer Colon placed his hand on her to move her to the side, and in response, Sweeting hit Officer Colon with a "closed fist" and warned him that she would hit him again if he touched her a second time. Detectives Glover and Rios testified that they did not witness Sweeting strike Officer Colon as they were focusing on Sweeting's sons, but that they each heard a sound described as skin to skin contact. Sweeting testified that after she asked to see a search warrant, Officer Colon told her he did not "have to show [her] or give [her] anything" and pushed her out the front door. As a result, she became upset and started shouting profanity at Officer Colon. She testified, however, that she never intentionally struck Officer Colon.

After the alleged striking incident, Officer Colon handcuffed Sweeting and took her into police custody. On December 16, 2016, the State filed an information charging Sweeting with one count of intentional battery of a law enforcement officer in violation of sections 784.03 and 784.07(2)(b), Florida Statutes (2016).

On March 1, 2017, the case proceeded to trial. After the trial court denied Sweeting's first motion for judgment of acquittal, defense counsel presented Sweeting's above testimony. Sweeting again moved for judgment of acquittal, on which the trial court reserved its ruling.

During closing argument, Sweeting's counsel repeatedly commented that the State's case and the officers' testimony "[made] no sense," i.e., calling into question the credibility of the State's witnesses. In its rebuttal, the State's prosecutor made the following comments, to which defense counsel objected:

> [STATE]: . . . [W]hen [Sweeting] took the stand, she became a witness in this case. And when she became a witness in this case, you have the opportunity to gauge her story, gauge her demeanor, and evaluate her the same way you would evaluate any other witness in this case. . . . There are very high stakes for her. And when you think about what she told you, when you think about what you heard, I want you to think about the details that she gave you. I want you to think about her story. Think about this. Because both sides agree that the officers came to find her nephew. They came to arrest her nephew. But, if you believe Ms. Sweeting, they were so focused on her, they forgot about the nephew. That both Officer Colon and Detective Glover were so focused on her, one had her handcuffed this way, one had her handcuffed this way, both holding it like she was an animal of some sort, holding her like this. They were so focused on her nobody was watching the guy they came for. No one was looking for the person they were there to arrest. Ladies and gentlemen, that's ridiculous.
> . . . .
> [DEFENSE]: Objection, degradation of defense.
>
> THE COURT: That'll be overruled. Ladies [sic] gentlemen, what the lawyers say is not evidence nor is it your instruction on the law. You will make your own decision on what evidence to believe and what evidence to disbelief. . . .
> . . . .
> [STATE]: . . . Ladies and gentlemen, this case comes down to credibility. **This case comes down to who you believe. Do you believe Ms. Sweeting who has everything to lose?** Do you believe Ms. Sweeting, who is [sic] story does not make sense . . . because according

4

to her, she was moved from place to place by officers and officers at one point in time she'd been moved from our house to another street to somewhere else, there were six officers and five cars, all about her. She wasn't even the person that they came there to find.

. . . .

[STATE]: Thank you. But, she's the person all of these officers are focused on. That's ridiculous. **Or, do you believe the police officers?**

[DEFENSE]: Objection, misstatement of the law.

THE COURT: Ladies and gentlemen, that's overruled. I will instruct you on the law and I will instruct you on the rules to use while you weigh the evidence. It's going to be up to you to decide to believe or disbelieve whatever evidence you choose during your deliberations.

(emphasis added). Thereafter, the jury retired to begin its deliberations. During the deliberations, the jurors sent out a question asking, "Can we get a copy of the police report to see which officers were actually there and were on the report?" The trial court informed the jurors that the report was not introduced into evidence and that they "must rely on that evidence to decide the case."

The jury subsequently found Sweeting guilty of intentional battery of a law enforcement officer. Sweeting moved for post-trial acquittal, or alternatively, a new trial. The trial court denied Sweeting's motion, withheld adjudication, and sentenced Sweeting to one day of probation to end upon Sweeting exiting the courthouse. This timely appeal ensued.

5

## II.    STANDARD OF REVIEW

We review a trial court's ruling on the propriety of comments made during closing argument for an abuse of discretion.  Braddy v. State, 111 So. 3d 810, 837 (Fla. 2012).  "Where the comments were improper and the defense objected, but the trial court erroneously overruled defense counsel's objection," the harmless error standard of review applies, which places "'the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict.'"  Cardona v. State, 185 So. 3d 514, 520 (Fla. 2016) (quoting Ibar v. State, 938 So. 2d 451, 466 (Fla. 2006)).

## III.    ANALYSIS

On appeal, Sweeting contends that certain comments made by the State's prosecutor during closing argument, over defense counsel's objection,[1] impermissibly shifted the burden of proof to Sweeting, and that these erroneous comments were not harmless beyond a reasonable doubt.  We agree.

Generally, "'wide latitude is accorded a prosecutor during closing argument' and 'the control of those comments is within the discretion of the trial court' absent

---

[1] The State contends that Sweeting's argument is not preserved for appeal, as defense counsel did not specifically or contemporaneously object to the comments at issue as impermissibly shifting the burden.  The record, however, is clear that defense counsel objected to the statements as a "misstatement of the law."  This Court has previously characterized similar statements that improperly shifted the burden of proof as misstatements of the law.  See, e.g., Rodriguez v. State, 27 So. 3d 753, 755-56 (Fla. 3d DCA 2010); Clewis v. State, 605 So. 2d 974, 975 (Fla. 3d DCA 1992).  As such, we find Sweeting's argument properly preserved for appellate review.

an abuse of that discretion." Mitchell v. State, 118 So. 3d 295, 296 (Fla. 3d DCA 2013) (quoting Bass v. State, 547 So. 2d 680, 682 (Fla. 1st DCA 1989)). The State has the burden of proving every essential element of a crime beyond a reasonable doubt. A prosecutor, however, "must not misstate the burden of proof." Covington v. State, 842 So. 2d 170, 172 (Fla. 3d DCA 2003). Indeed, it is "reversible error for a prosecutor to make arguments that shift the burden of proof in a case" during closing argument. Mitchell, 118 So. 3d at 296; accord Gore v. State, 719 So. 2d 1197, 1200 (Fla. 1998) ("While wide latitude is permitted in closing argument, this latitude does not extend to permit improper argument. Here, the prosecutor's closing argument enunciated an erroneous and misleading statement of the State's burden of proof because it improperly asked the jury to determine whether Gore was lying as the sole test for determining the issue of his guilt." (citation omitted)). In determining whether allegedly improper comments constitute reversible error, the comments "should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record." McArthur v. State, 801 So. 2d 1037, 1040 (Fla. 5th DCA 2001).

The case of Mitchell is instructive. In Mitchell, the defendant was charged with animal cruelty, and "the case turned on whether the jury should credit the version of events told by [a witness] or [the defendant]." 118 So. 3d at 296. During closing argument, the prosecutor commented, "'What the defense is asking you do is to believe that every single witness in this case is a liar, because that's

7

what would have to happen for this man over here to be not guilty. Every single person has to be a liar except him.'" Id. This Court, while noting the prosecutor's "attempt[] to argue that defendant's version of events was contradicted by much of the testimony presented by the other witnesses" was appropriate, found that the prosecutor's comment "implied that the defendant had a burden to prove that all the State's witnesses were lying in order to establish his innocence." Id. at 297.

The State contends that, unlike in Mitchell, the prosecutor's comments did not imply that it was Sweeting's burden to prove the officers were not lying, but instead were proper arguments on why the officers' testimony was credible and Sweeting's testimony was not. Indeed, an attorney may argue credibility of witnesses if the argument is based on the evidence presented at trial. See Jackson v. State, 89 So. 3d 1011, 1018 (Fla. 4th DCA 2012); Covington, 842 So. 2d at 172. However, as this Court has previously emphasized, "[t]he test for reasonable doubt is not which side is more believable, but whether, taking all of the evidence in the case into consideration, guilt as to every essential element of the charge has been proven beyond a reasonable doubt." Clewis v. State, 605 So. 2d 974, 975 (Fla. 3d DCA 1992) (holding that a prosecutor's comment that "'[y]ou have to believe [the defendant's] story over the story of those police officers that saw him that night to have reasonable doubt'" was an erroneous, burden-shifting comment); see also Gore, 719 So. 2d at 1200 (finding that the prosecutor's argument asking the jury "to determine whether [the defendant] was lying as the sole test for determining

8

the issue of his guilt" as improperly shifting the burden of proof to the defendant); Paul v. State, 980 So. 2d 1282, 1283 (Fla. 4th DCA 2008) (finding that the prosecutor's comment that "'if [the defense attorney] wants to present theories of how she believes this case should play out, there's got to be some level of proof from that [sole witness] was lying'" improperly shifted the burden of proof to the defendant and that the error was not harmless) (emphasis removed); Atkins v. State, 878 So. 2d 460, 461 (Fla. 3d DCA 2004) (holding the prosecutor's comment that the victim "'would have to be a liar'" for the jury to find the defendant not guilty shifted the burden of proof, as it "implied that the jury could ignore defendant's argument that acquittal was proper if it believed the victim's identification was a mistake because defendant did not prove the victim was lying"); Covington, 842 So. 2d at 172-73 (determining that a prosecutor's comment that the case "'[came] down'" to who the jury believed was in error).

As counsel for Sweeting conceded at oral argument, the prosecutor's multiple comments describing Sweeting's testimony as "ridiculous" were invited in light of defense counsel attacking the officers' credibility during closing. See Scott v. State, 66 So. 3d 923, 930 (Fla. 2011). However, the prosecutor went beyond questioning Sweeting's credibility, and instead, shifted the State's burden of proof onto Sweeting when the prosecutor argued that "[t]his case comes down to who you believe," either the officers or Sweeting. This statement impermissibly implied that the jury had to believe Sweeting's story over the officer's story in

9

order to acquit her. While not containing an explicit mention of "the burden of proof," the prosecutor's comment nonetheless impermissibly shifted the State's burden of proof in a criminal case to Sweeting.

Our analysis, however, does not end here. We must now address whether the error was harmless beyond a reasonable doubt. "[B]urden shifting issues are subject to the harmless error analysis set forth in State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986)." Torres-Matmoros v. State, 34 So. 3d 83, 85 (Fla. 3d DCA 2010). "The harmless error test . . . places the burden on the state . . . to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." DiGuilio, 491 So. 2d at 1138. "Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence," but rather, the focus of the test "is on the effect of the error on the trier-of-fact." Id. at 1139.

The State argues that any error in the prosecutor's comments during closing argument was harmless, as the error did not contribute to the jury's verdict beyond a reasonable doubt. Specifically, the State notes that after the prosecutor's erroneous comment, the trial court stated, "I will instruct you on the law and I will instruct you on the rules to use while you weigh the evidence. It's going to be up to you to decide to believe or disbelieve whatever evidence you choose during your deliberations," and later instructed the jury at several points that it was the

State's burden to prove the elements of the charged crime beyond a reasonable doubt. We conclude, however, that the error was not harmless beyond a reasonable doubt.

First, Sweeting's objection to the erroneous statement of law was overruled. Moreover, the trial court's instructions following the prosecutor's comments were not sufficiently curative, as they did not "erase the confusion created by the burden shifting comment" to the jury, but simply addressed "the rules to use while . . . weigh[ing] the evidence." See Paul, 980 So. 2d at 1283 (finding the trial court's instructions "did not sufficiently erase the confusion created by the burden shifting comment," as it "failed to specifically rebuff the State's comment . . . [and] appeared to consent to the accuracy of the prosecutor's comment when it overruled the objection and stated to the jury that the State is allowed to comment on the evidence"); see also Schoenwetter v. State, 931 So. 2d 857, 872 (Fla. 2006) (determining an instruction to be sufficiently curative where the defense's objection was sustained, "the prosecutor admitted the mistake, . . . the trial judge gave a curative instruction[, and] and the jury indicated that it understood the curative instruction"). We further note that the prosecutor made no attempt to correct the burden shifting comment. Cf. Torres-Matmoros, 34 So. 3d at 85 (finding a prosecutor's misstatement of the burden of proof to be harmless error where "[t]he sole statement made by the prosecutor regarding reasonable doubt, even if viewed as a burden shifting argument, was immediately corrected by the

prosecutor"); <u>Covington</u>, 842 So. 2d at 174 (finding a prosecutorial comment that was subsequently clarified to be harmless error where it was "an isolated mention by the prosecutor followed by a correct statement of the burden of proof"). Finally, while alone not dispositive, the jury's request to "get a copy of the police report" that was not in evidence in order to determine which officers were actually present and on the report confirms our conclusion that there exists a reasonable doubt as to whether the prosecutor's comments confused the jury on which party had the burden of proof.

As in <u>Mitchell</u>, "because the issue of the credibility of the two conflicting witnesses was at the heart of the case, the State cannot establish that there was 'no reasonable possibility that the error contributed to the conviction.'" <u>See</u> 118 So. 3d at 298. As such, we cannot conclude that the error was harmless beyond a reasonable doubt.

IV. <u>CONCLUSION</u>

For the foregoing reasons, we reverse Sweeting's conviction and sentence and remand the case for a new trial.

Reversed and remanded for a new trial.