# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1281
Lower Tribunal No. A772T5E

_____

**Joseph Horna,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the County Court of Miami-Dade County, Jeffrey M. Kolokoff, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Joseph Horna, appeals from his conviction for one count of driving under the influence, in violation of section 316.193(1), Florida Statutes (2022). On appeal, he contends unobjected-to, improper comments in closing argument constitute reversible error. In the challenged comments, the prosecutor described his driving pattern as "frightful[,] . . . erratic, horrendous, and quite honestly scary" and characterized his traffic stop as necessary for the safety of the officer and public. While it is true the prosecution must refrain from "impermissibly inflam[ing] the passions and prejudices of the jury with elements of emotion and fear," Brooks v. State, 762 So. 2d 879, 900 (Fla. 2000), it is equally true that any allegedly improper comments must be considered within the context of both the closing argument as a whole and the entire record. See Sweeting v. State, 260 So. 3d 520, 525 (Fla. 3d DCA 2018). Here, the comments were tethered to the dash cam footage and designed to refute the defense theory that Horna was emotionally distressed, rather than under the influence, when he was apprehended. Under these circumstances, we reject the assertion of fundamental error. See Smith v. State, 320 So. 3d 20, 27 (Fla. 2021) ("Such an error 'reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'") (quoting Knight v. State, 286 So. 3d 147, 151 (Fla. 2019));

2

see also Cruz v. State, 320 So. 3d 695, 720 (Fla. 2021) (imputing no fundamental error in prosecutor describing crime as "brutal" and stating, "[i]t's the kind of crime that frightens you to your core.  It's the reason that children fear the darkness.  It's why people have locks on their doors and keep guns for protection."); Walls v. State, 926 So. 2d 1156, 1166 (Fla. 2006) ("A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject."); Ferguson v. State, 417 So. 2d 639, 642 (Fla. 1982) (finding no impropriety in prosecutor's comment "made on rebuttal in response to the theory presented by the defense during its closing argument"); Scott v. State, 66 So. 3d 923, 930 (Fla. 2011) (holding prosecutor's statements addressing defendant's theory was invited response).  Accordingly, we affirm.

Affirmed.